No. 595

First Circuit

GREEN v. FREDERICK, SR.

(April 14, 1930.  Opinion and Decree.)
(June 9, 1930.  Rehearing Refused.)

Harvey E. Ellis and R. D. Jones, of Covington, attorneys for plaintiff, appellant.

Morgan & Simmons, of Covington, attorneys for defendant, appellee.

MOUTON, J. This suit was originally instituted against Edward J. Frederick. Subsequently by supplemental petition the St. Tammany Ice & Manufacturing Company was made a co-defendant.

In February, 1928, plaintiff leased a dwelling house in Covington from defendant. She alleges that there were no front steps to the house, and that the only means of egress and ingress from and to the house were the rear steps, which were in a bad or defective condition; that while going, on April 18, 1928, out of the premises over the rear steps, they gave way,

and that she fell on her back, causing the injuries for which she brings this suit in damages.

Two witnesses for defendant swore that there were no steps in the rear of the building, while plaintiff and her husband testified that there were.

It is obvious that, if there were no rear steps, they could not have given way, and that plaintiff could not have fallen therefrom. This case revolves around that issue. It appears from the record that there are close neighbors to the house in question, and that from these neighbors or others it could be established with certainty whether there were rear steps or not to the building. If the solution of the case depended solely on the testimony of the four witnesses, two testifying one way and two the other, we would affirm the judgment under the well-recognized rule that, when the evidence is conflicting and evenly balanced, the judgment appealed from will not be disturbed.

Here, however, from the peculiar circumstances and facts which appear of record, we find that the ends of justice would not be met by the application of the foregoing rule. In connection therewith, it may also be remarked that it is brought to our notice in plaintiff's brief that one of the attorneys, Mr. Robert Jones, who represented plaintiff at the trial, was for the first time conducting the trial of a case alone. We will, therefore, in furtherance of justice, remand this case for the reception of evidence to show as to whether or not there were rear steps to the house which was occupied by the plaintiffs, at the time of the accident, and for no other purpose.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, annulled, and reversed; and that the case be, and is hereby, remanded for the reception of evidence in accordance with the views hereinabove expressed; appellee to pay the cost of this appeal, those of the lower court to abide the decision of the case.

LeBLANC, J., not participating.